IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES J. WALLACE and<br>CATHERINE N. WALLACE,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>JAMES T. VAUGHN CORRECTIONAL<br>CENTER and ANY THIRD PARTY<br>CONTRACTORS,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>) **Consolidated**<br>) Civ. No. 12-1563-SLR<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM ORDER**

At Wilmington this 4th day of April, 2013, having screened the consolidated case pursuant to 28 U.S.C. § 1915;

IT IS ORDERED that: (1) the James T. Vaughn Correctional Center is dismissed as a defendant pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) as it is immune from suit; (2) the consolidated complaint is dismissed for failure to state a claim upon which relief may granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and (3) plaintiffs are given leave to file an amended complaint, for the reasons that follow:

1. **Background**. Plaintiffs are the parents of Christopher Wallace ("Wallace") who, at the age of 21, committed suicide on March 11, 2011, while incarcerated at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware. Wallace was serving a life sentence plus five years having been convicted of first degree murder and possession of a deadly weapon during the commission of a felony. Plaintiffs live in Tennessee and proceed pro se. They filed this lawsuit alleging "reckless endangerment

resulting in death by suicide" and "not taking care of [Wallace's] mental needs correctly." (D.I. 2)

2. **Standard of review**. This court must dismiss, at the earliest practicable time, certain in forma pauperis actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008); Erickson v. Pardus, 551 U.S. 89, 93 (2007). Because plaintiffs proceeds pro se, their pleading is liberally construed and their complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. Neitzke, 490 at 327-28; Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989); see, e.g., Deutsch v. United States, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on

Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant plaintiffs leave to amend their complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

5. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 1949. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that plaintiff has a "plausible claim for relief."[1] *Id.* at 211. In other words, the complaint must do more than allege plaintiff's entitlement to relief; rather it must "show" such an

---

[1] A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

3

entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 678 (quoting Fed. R. Civ. P. 8(a)(2)).

6. **Discussion**. While not clear, it appears that plaintiffs attempt to raise federal clams and supplemental state claims. The complaint alleges defendants VCC and Any Third Party Contractors engaged in reckless acts with respect to their son's safety and security and his prior unstable acts. Plaintiffs allege defendants are responsible for the suicide of their son because of criminal negligence and reckless endangerment. They seek reform and rehabilitation for mental illness in prisons as well as compensatory damages for their extreme pain and suffering. The decedent's voluminous mental health records, attached as exhibits to the complaint, indicate that the decedent had a lengthy mental health history that included suicidal ideation and two suicide attempts prior to his March 11, 2011 suicide. (D.I. 3, 4)

7. **Eleventh Amendment**. The VCC is a named defendant. The VCC falls under the umbrella of the Delaware Department of Correction, an agency of the State of Delaware. The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the kind of relief sought. *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984). To the extent that a claim is raised pursuant to 42 U.S.C. § 1983, state correctional institutions are arms of the state and not persons subject to liability under § 1983. *See Green v. Howard R. Young Corr. Inst.*, 229 F.R.D. 99, 102 (D. Del. 2005). "Absent a state's consent, the

Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)). The State of Delaware has not waived its sovereign immunity under the Eleventh Amendment. *See Ospina v. Dep't of Corr.*, 749 F.Supp. 572, 579 (D.Del. 1991). Accordingly, the VCC is entitled to immunity under the Eleventh Amendment. The court dismisses all claims against the VCC.

8. **Eighth Amendment**. While not clear, it may be that plaintiffs seek to raise two claims for violations of the Eighth Amendment. The first, for action or inaction with regard to the suicide; the second, for failing to provide adequate mental health care to their son. In order to state a valid claim under 42 U.S.C. § 1983, plaintiffs must allege two elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution and laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988).

9. In the Third Circuit, the deliberate indifference of a defendant which leads to a prisoner's suicide can constitute a valid Eighth Amendment claim under § 1983 if a plaintiff establishes that: (1) the inmate had a particular vulnerability to suicide, (2) the defendants knew of and disregarded that vulnerability; and (3) those persons acted with reckless indifference to the inmate's particular vulnerability. *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1023 (3d Cir. 1991). Similarly, to state a medical needs claim, plaintiffs must allege a serious medical need and acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. at 104;

*Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). The complaint fails to provide sufficient facts to adequately plead the requisites of an Eighth Amendment violation leading to an inmate's suicide or a medical needs claim. In addition, while the complaint names "Any Third Party Contractor" as a defendant, it is not clear if plaintiffs intend to sue the medical service provider contractor for the VCC or other unnamed individuals. Therefore, to the extent that plaintiffs intended to raise § 1983 claims, the claims are dismissed. Plaintiffs will be given leave to amend.

10. **Supplemental claims**. Plaintiffs also appear to attempt to raise supplemental state claims of negligence and pain and suffering. The scant allegations, however, do not adequately allege supplemental claims under Delaware law.

11. **Conclusion**. For the above reasons, the VCC is dismissed as a defendant, as it is immune from suit, and the complaint is dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §1915(e)(2)(B)(ii). However, since it appears plausible that plaintiffs may be able to articulate a claim against a defendant or name alternative defendants, they will be given an opportunity to amend the complaint. The amended complaint shall be filed within **thirty (30) days** from the date of this order. If plaintiffs do not file an amended complaint within the time allowed, then the consolidated case will be closed.

/s/ Sue L. Robinson
UNITED STATES DISTRICT JUDGE